IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Miscellaneous Action No. 16-mc-00141-PAB

In re ROCKY ASPEN, LLC,

      Debtor.

---

HANFORD HOLDINGS LLC,

      Appellant,

v.

ROCKY ASPEN, LLC,
ROCKY ASPEN MANAGEMENT 204, LLC, and
AH DB KITCHEN ASPEN INVESTORS, LLC,

      Appellees.

---

**ORDER**

---

This matter is before the Court on appellant Hanford Holdings LLC's Motion for Leave to Appeal. Docket No. 1. Hanford seeks leave for an interlocutory appeal under 28 U.S.C. § 158(a)(3) from the Bankruptcy Court's Order Denying Motion to Dismiss. *In re Rocky Aspen, LLC*, No. 16-12194, Docket No. 267 (Bankr. D. Colo. June 22, 2016) (Docket No. 1-1).

**I. BACKGROUND**[1]

This dispute arises from a restaurant venture. Debtor Rocky Aspen LLC was formed to build and operate a restaurant by its two members, appellees Rocky Aspen

---

[1]The following facts are undisputed by the relevant parties unless otherwise indicated.

Management 204, LLC ("RAM 204") and AH DB Kitchen Aspen Investors, LLC ("AH"). Docket No. 1-1 at 1. Pursuant to the debtor's operating agreement, each member appointed one of the debtor's two managers. *Id*. at 1. After the debtor fell behind schedule and went over budget on its restaurant project, appellant Hanford Holdings LLC ("Hanford") loaned debtor money under a pledge agreement signed by the debtor and its two members. *Id*. at 2. A dispute subsequently arose between the two members. RAM 204 purported to exercise its rights under the debtor's operating agreement to replace the manager appointed by AH with a manager of its choosing. *Id*. at 2-3. On February 29, 2016, Hanford sent RAM 204 and AH notice that a default had occurred under the loan based on debtor's written admission that it was unable to pay its debts as they became due. *Id*. at 11; Docket No. 1 at 6. Hanford alleges that a default on the loan entitled Hanford to exercise all of the voting rights of RAM 204 and AH pursuant to the pledge agreement. Docket No. 1-1 at 3. On March 11, 2016, the two managers of debtor, both appointed by RAM 204, adopted a resolution to file for bankruptcy. *Id*. at 3. The same day, debtor filed a voluntary Chapter 11 petition. Docket No. 1 at 7.

Hanford filed a motion to dismiss the bankruptcy case, challenging the authority of the debtor's managers to file for bankruptcy. Docket No. 1-1 at 3. Hanford also argued that, due to the default, it had the right to control the debtor through the voting rights granted to Hanford by the pledge agreement. *Id*.

After a two-day trial, the Bankruptcy Court denied Hanford's motion to dismiss. Docket No. 1-1 at 1. The Bankruptcy Court found that the debtor's operating

agreement vested all management voting rights in its managers, not its members, and that the managers had the authority to file the bankruptcy petition without a vote by the debtor's members. *Id*. at 6. The Bankruptcy Court also found that the pledge agreement did not amend the debtor's operating agreement and that, in any event, Hanford lacked any voting rights because the fifteen-day cure period for a continuing default under the pledge agreement had not yet passed by the time the bankruptcy petition was filed. *Id*. at 10-11.

## II. ANALYSIS

The Court can grant leave to pursue an interlocutory appeal in its discretion. 28 U.S.C. § 158(a)(3). District courts have looked to the standards found in 28 U.S.C. § 1292(b) to determine if leave is warranted, i.e., whether "the order involves a controlling question of law over which there is a substantial basis for disagreement and for which immediate appeal will advance the ultimate termination of the litigation." *In re M & L Bus. Mach. Co., Inc.*, No. 94-K-936, 1994 WL 263457, at *2 (D. Colo. June 6, 1994) (citing *In re Blinder, Robinson & Co., Inc.*, 135 B.R. 899, 901 (D. Colo. 1992)). Hanford has the burden to show this standard is met. *In re Fox*, 241 B.R. 224, 232 (B.A.P. 10th Cir. 1999) (citing *In re Nucor, Inc.*, 116 B.R. 246, 247 (D. Colo.1990)).

Hanford proposes three issues for appeal:

1. Did the Bankruptcy Court improperly apply legal principles of contract construction to the pledge agreement?

2. Did the Bankruptcy Court incorrectly determine that the pledge agreement did not amend the operating agreement?

3

> 3. Did the Bankruptcy Court apply the wrong burden of proof for who has authority to file the petition?

Docket No. 1 at 3.

Regarding the first issue, Hanford argues that the Bankruptcy Court incorrectly applied Colorado law instead of New York law to the pledge agreement, failed to give meaning to the pledge agreement's terms granting Hanford voting control, and interpreted the pledge agreement inconsistently with various cases. *Id*. at 11-13. But Hanford fails to articulate how applying New York law would change the outcome, how the noted terms present a controlling question, or how the cited cases are inconsistent with the Bankruptcy Court's order. *See Scotiabank de Puerto Rico v. Figueroa Martinez*, 2016 WL 5678266, at *2 (D.P.R. Sept. 29, 2016) (rejecting an argument that the bankruptcy court applied the wrong law where the appellant failed to address how the alternative law would lead to a different outcome). As the Bankruptcy Court recognized, even if Hanford is correct that it had voting control of the debtor at the time of the petition, this does not present a controlling issue because Hanford does not claim it attempted to do anything with those voting rights. Docket No. 1-1 at 11 ("To the extent Hanford had such member voting rights, an issue this Court need not determine, Hanford did not vote those units to remove [the debtor's co-managers] prior to the petition date. Accordingly, those co-managers remained authorized to file the petition on the petition date.").

Regarding the second issue, Hanford argues that the Bankruptcy Court misapplied the law by failing to properly consider that the pledge agreement satisfied both the statutory requirements to amend the debtor's operating agreement and those

4

in the operating agreement itself.  Docket No. 1 at 14-15.  The Bankruptcy Court, however, also relied on other evidence not contested by Hanford, e.g., that the pledge agreement does not express the parties' intent to modify the operating agreement, but rather expresses the parties' intent to create a security agreement.  Docket No. 1-1 at 10 ("This Agreement is made to create and grant a valid first priority security interest in the Pledged Collateral and the proceeds thereof").

Regarding the third issue, Hanford argues that the Bankruptcy Court improperly placed the burden on Hanford to prove that the managers did not have authority to file the bankruptcy petition.  Docket No. 1 at 15-16.  This issue does not present a controlling question of law.  The Bankruptcy Court based its decision regarding the managers' authority on the text of the operating agreement, not on Hanford's failure to meet a burden.  Docket No. 1-1 at 5 ("These terms give the co-managers the sole power to take actions on behalf of the Debtor, *except* for those rights that the Operating Agreement specifically reserves to members." (emphasis original)).  A shift of the burden of proof would not have changed the outcome.

The Court concludes that Hanford fails to show that the issues it proposes to appeal meet the standard for interlocutory review.  *See In re Midgard Corp.*, 204 B.R. 764, 769 (B.A.P. 10th Cir. 1997) ("Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances.").

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Hanford Holdings LLC's Motion

for Leave to Appeal [Docket No. 1] is **DENIED** and the appeal is **DISMISSED**.

DATED March 13, 2017.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge